IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

ROYCE D. SHYE )
)
v. ) NO: 2:13-0130
)
W.B. MELTON, et al. )

TO: Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered January 16, 2014 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion for summary judgment (Docket Entry No. 33). The plaintiff has not responded to the motion.[1] For the reasons set out below, the Court recommends that the motion for summary judgment be granted.

## I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Hardeman County Correctional Facility ("HCCC"). On December 23, 2013, he filed

---

[1] By Order entered September 10, 2014 (Docket Entry No. 44), the plaintiff was notified of the motion and given a deadline of October 31, 2014, to file a response.

this action pro se and in forma pauperis based upon events that occurred at the Overton County Jail ("Jail") in Livingston, Tennessee, where he was incarcerated at the time the lawsuit was filed and prior to being transferred to the TDOC. The plaintiff seeks nominal and punitive damages under 42 U.S.C. § 1983 and names as defendants former Overton County Sheriff W.B. Melton ("Melton") and former Jail Administrator Shannon Harvey ("Harvey").[2] The plaintiff sets out seven pages of complaints about conditions at the Jail, including allegations that:

> 1) the food portions served at the Jail are nutritionally inadequate and do not meet state and TDOC guidelines, see Complaint (Docket Entry No. 1) at 5;
>
> 2) the physical condition of the Jail is old, unsafe and unsanitary because rust, dirt, graffiti, mold, and raw sewage are present in the inmate living areas, the showers are rusty, slippery, and do not have handrails, the Jail is not properly cleaned, and there is little natural sunlight, id. at 6-8;
>
> 3) the temperature at the Jail is too cold, id. at 8;
>
> 4) the cell door at the Jail did not lock properly causing a safety issue, id. at 8;
>
> 5) there are dead insects in the lights, id. at 9-10; and
>
> 6) the overall medical care offered to inmates is inadequate and emergency medical care is virtually non-existent. Id. at 8-11.

The plaintiff alleges that he suffered severe and extreme stress, anxiety, depression, and emotional distress because of the conditions at the Jail. Id. at 10-11.[3]

---

[2] In her declaration, Defendant Harvey declares that she was the Jail Administrator from May 3, 2010, to August 31, 2014, "when the new Sheriff took office." See Docket Entry No. 37, at ¶ 2. Although Defendant Melton has not submitted his own declaration, the Court relies upon Defendant Harvey's declaration for the conclusion that Defendant Melton is no longer the Overton County Sheriff.

[3] In addition to the instant lawsuit, the plaintiff has filed three other lawsuits in this Court against the Defendants based upon conditions at the Jail: Shye v. Melton, et al., Case No. 2:13-cv-0113; Shye v. Melton et al., Case No. 2:14-cv-0007; and Shye v. Melton, et al., Case No. 2:14-cv-0025. Each of these lawsuits is currently pending before the Court.

The Defendants filed an answer, see Docket Entry No. 11, and scheduling orders were entered providing for a period of pretrial activity. See Docket Entry Nos. 12, 24, and 32. All pretrial deadlines in the action have now expired.

The Defendants move for summary judgment contending that there are no genuine issues of material fact that require resolution by a jury. They assert that the plaintiff was confined at the Jail on two occasions during the relevant time period, from March 1, 2012, to December 11, 2012, when he was released, and again from July 1, 2013, to April 24, 2014, when he was transferred to the custody of the TDOC. See Statement of Undisputed Facts (Docket Entry No. 43), at ¶¶ 2-3 and 48. The Defendants argue that the plaintiff has not set forth evidence supporting claims that his constitutional rights were violated during either stay at the Jail. They also argue that they have been sued merely because of their supervisory positions at the Jail and that the plaintiff has not set forth evidence showing that either of them were personally involved in the alleged events as is necessary to support a claim of individual liability. The Defendants also raise qualified immunity as a defense to any damage claims. In addition, the Defendants raise several technical and affirmative defenses: 1) failure of service of process for any official capacity claims; 2) application of 42 U.S.C. § 1997e(e)'s prohibition on damages claims; and 3) failure to exhaust administrative remedies. The Defendants support their motion with excerpts from the plaintiff's deposition (Docket Entry No. 35-1), the declaration of Shannon Harvey and attached copies of documents (Docket Entry Nos. 37-38 and 47), the declaration of Erin Bullard (Docket Entry No. 40), and the declaration of Jack Clark (Docket Entry No. 41).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the

basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). See also Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). To defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. ANALYSIS

Although the plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d), at this stage of the proceedings there is insufficient evidence before the Court upon which a reasonable jury could find in favor of the plaintiff on his claims. Accordingly, summary judgment should be granted to the Defendants.

The Defendants raise a valid affirmative defense based upon the plaintiff's failure to satisfy the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner plaintiff must exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

5

The exhaustion requirement of the PLRA is mandatory. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the affirmative defense of failure to exhaust is raised and supported, a plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218, 225-26 (6th Cir. 2011). To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). There is no futility exception to the exhaustion requirement, and the plaintiff is not relieved from the requirement of full exhaustion because he subjectively believed that it was pointless to file a grievance. Booth, 532 U.S. at 741 n.6; Napier, 636 F.3d at 222; Boyd v. Corrections Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999).

Through the Declaration of Defendant Harvey, the Defendants set forth evidence that there is a grievance procedure at the Jail and that the plaintiff was provided with a copy of the grievance procedure. See Declaration of Harvey (Docket Entry No. 37) at ¶¶ 5 and 11. The Defendants further set forth evidence that the plaintiff either 1) failed to file a grievance about the claims he raises in this lawsuit, or 2) failed to file an appeal from the initial denial of the grievances that he did file. Id. at ¶¶ 8, 12-14, 21, 23, and 30 . Although the plaintiff generally stated in his Complaint that he "followed the grievance procedure as [prescribed]" and "no answer, no action on complaints, hindered from filing additional complaints," see Docket Entry No. 1, at 3, he has not rebutted the evidence from the Defendants that he failed to either file grievances or pursue grievance appeals about the specific events at issue in this lawsuit. When a motion for summary judgment is made and

6

properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Further, the plaintiff has the burden of showing his compliance with the exhaustion requirement once the defense is raised by the Defendants. See Napier, 636 F.3d at 225-26. The plaintiff has not satisfied this burden and has not shown that he exhausted his administrative remedies for the claims he raises in this lawsuit.

In addition, the Court finds that summary judgment is also warranted due to a lack of evidence supporting the plaintiff's claims. The Defendants have painstakingly reviewed the allegations made by the plaintiff and have set forth evidence rebutting the plaintiff's claims. See Defendants' Statement of Facts (Docket Entry No. 43). The plaintiff has not responded in any manner to the motion and has not supported his claims with any affirmative evidence. No reasonable jury could find in favor of the plaintiff on his claims against the Defendants based upon the evidence that is before the Court. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., supra; Chao, supra; Cloverdale Equip. Co., supra. Although the plaintiff is proceeding pro se, his pro se status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the

threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

As an initial matter, the plaintiff has offered no evidence showing the personal involvement of Defendants Melton and Harvey in the alleged acts of constitutional wrongdoing. A defendant cannot be held individually liable under Section 1983 for constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Miller v. Calhoun Cnty., 408 F.3d 803, 817, n.3 (6th Cir. 2005); Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The plaintiff's complaint is devoid of any allegations showing that either Defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the alleged unconstitutional conduct as is required. Thus, there is no basis for a claim of individual liability against the Defendants. See Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Furthermore, because respondeat superior is not a basis for liability under section 1983, the Defendants' status as officials at the Jail does not render them personally liable for the acts of those who work in some capacity under their supervision. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 375-77, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Summary judgment is warranted for the Defendants for this reason alone.

There is also insufficient evidence before the Court supporting an Eighth Amendment claim based upon the plaintiff's allegations that he was denied medical care. A claim based upon the denial of medical care requires a showing that a serious medical need is involved. See Estelle v.

Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). There is no evidence before the Court showing that the plaintiff suffered from a serious medical need while at the Jail. Furthermore, the plaintiff has not set forth any evidence that either Defendant was personally aware of, let alone acted with deliberate indifference to, any medical need, serious or not, from which he suffered. Such a showing of culpable intent is required for a constitutional claim. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702-03 (6th Cir. 2001).

Similarly, there is no evidence before the Court supporting a claim that the living conditions encountered by the plaintiff at the Jail violated constitutional standards. A Section 1983 claim premised upon allegations that living conditions violate the Eighth Amendment's prohibition against cruel and unusual punishment must be supported by a showing that the inmate was subjected to severe conditions of confinement which deprived him of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). This requires the plaintiff to satisfy an objective threshold by showing facts which establish that a sufficiently serious deprivation has occurred. Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To satisfy the objective prong, "extreme deprivations are required," Hudson, 503 U.S. at 9, and only grave deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004).

Even when the evidence before the Court is viewed in the light most favorable to the plaintiff, his claims regarding conditions of confinement at the Jail warrant dismissal because there

is simply no evidence showing that he was subjected to the type of severe conditions required to support an Eighth Amendment claim. The plaintiff's claims are based upon complaints about the type of routine restrictions and unpleasant living conditions that accompany incarceration. However, the Eighth Amendment is not violated by prison conditions which are harsh, Rhodes, supra at 347, and "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment," Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Additionally, the plaintiff has not offered any affirmative evidence supporting the allegation that he was provided with meals that were nutritionally insufficient to sustain his normal health. See Cunningham v. Jones, 567 F.2d 653 (6th Cir. 1977).

The plaintiff's allegations of safety risks at the Jail are likewise too general to support a constitutional claim. In order to support his constitutional claim, the plaintiff must show that the named Defendants were deliberately indifferent "to a substantial risk of serious harm" to him. Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Greene v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004). The plaintiff has not done this. The plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety," Farmer, 511 U.S. at 835, and general concerns about prison safety will not support a claim under Section 1983. See Gant v. Campbell, 4 Fed.Appx. 254, 256, 2001 WL 132337 (6th Cir. Feb. 6, 2001) (unpublished) (plaintiff's general concern about his safety was not sufficient to support a constitutional claim).

The Court's determination that there is no evidence that a constitutional violation occurred is sufficient to warrant dismissal of the claims against the individual Defendants without analysis of the qualified immunity defense, see Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Jones v. Byrnes, 585 F.3d 971, 975 (6th Cir. 2009), and is also sufficient to

support dismissal of any possible damage claim against Overton County via claims against the Defendants in their official capacities. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). Accordingly, it is unnecessary for the Court to address the Defendants' argument that the plaintiff failed to properly serve the Defendants with process for an official capacity claim, as well as their argument for dismissal because of 42 U.S.C. § 1997e(e).

The Defendants request that if this action is dismissed, the dismissal should be deemed to be a "strike" for the purposes of 28 U.S.C. § 1915(g). See Docket Entry No. 47, at 10-12. The Court declines to make the determination requested by the Defendants. The Court previously found that this action was not frivolous and that the plaintiff had stated a claim for relief, see Order entered November 8, 2013 (Docket Entry No. 3), and the Court does not view a judgment in favor of the Defendants upon summary judgment and not for those grounds specifically enumerated within Section 1915(g) to be a dismissal that falls within the purview of Section 1915(g). While the Court is aware of the somewhat unsettled landscape of what types of dismissals of prisoner lawsuits constitute a strike under Section 1915(g), see Coleman v. Tollefson, 733 F.3d 175 (6th Cir. 2013), as amended on denial of reh'g and reh'g en banc (Jan. 17, 2014), cert. granted, 135 S. Ct. 43 (2014); Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013), cert. denied, 134 S. Ct. 1547, 188 L. Ed. 2d 565 (2014); Taylor v. First Med. Mgmt., 508 Fed.App'x 488, 496 (6th Cir. 2012), the Court does not interpret the Sixth Circuit's holding in Pointer v. Wilkinson, 502 F.3d 369 (6th Cir. 2007), to mandate the result requested by the Defendants.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 33) filed by Defendants W.B. Melton and Shannon Harvey be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge